NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-878

L.T.

vs.

R.D.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, R.D., appeals from an order of a District Court judge, after the first hearing after notice, extending a harassment prevention order issued pursuant to G. L. c. 258E, § 3, for one year.  We affirm.[1]

The sole issue raised by the defendant is his claim that the plaintiff "perjured herself to the court.  She cannot be found truthful or believable."  Specifically, the defendant alleges that the plaintiff has "Herpes 2" and lied "when she said she has no STD's."

At the hearing, however, the defendant stated that he could not pronounce the sexually transmitted disease he claims the plaintiff had, testifying that "[he] [couldn't] pronounce it,"

---

[1] The plaintiff, L.T., did not file a brief in this appeal.

but "it's some Greek or Latin term."  After ruling on the extension, the judge stated, addressing the plaintiff, "I hope you're being treated, if in fact it's true."  The plaintiff responded, "It's not true."  It is impossible to discern whether the plaintiff was denying having any sexually transmitted disease or just the unpronounceable disease the defendant referenced.

In any event, the defendant presents only his own word that the plaintiff was lying.  "Our role as a reviewing court is not to reassess credibility determinations made by the hearing judge."  Constance C. v. Raymond R., 101 Mass. App. Ct. 390, 397 (2022).  "We accord the credibility determinations of the judge who 'heard the testimony of the parties . . . [and] observed their demeanor' . . . the utmost deference."  Yahna Y. v. Sylvester S., 97 Mass. App. Ct. 184, 185 (2020), quoting Ginsberg v. Blacker, 67 Mass. App. Ct. 139, 140 n.3 (2006).  We are in no position to second guess the judge's credibility determinations on a cold transcript without seeing the witnesses

and how they testified.  Accordingly, we cannot disturb the judge's order.

Order entered June 3, 2022, affirmed.

By the Court (Ditkoff, Hand & D'Angelo, JJ.[2]),

*Joseph F. Stanton*

Clerk

Entered:  May 2, 2023.

---

[2] The panelists are listed in order of seniority.